{¶ 51} I must respectfully dissent. I do not believe Ruth Krems' parental rights relating to Robby should have been terminated.
 {¶ 52} The trial court found that Robby was unable to be placed with his parents within a reasonable time and that he had been in the temporary custody of the children services agency for more than twelve months in the previous twenty-two month period. Although the trial court did not cite the statutory sections, it appears that the trial court found both R.C. 2151.414(B)(1)(a) and (B)(1)(d) apply to the case at bar. Such a finding is contrary to law.[2] R.C. 2151.414(B)(1)(a) is not applicable if the child has been in the temporary custody of a children services agency for twelve or more months out of a consecutive twenty-two month period. However, R.C.2151.414(B)(1)(d) requires a finding that the child has been in the temporary custody of a children services agency for more than twelve months out of a consecutive twenty-two month period. The undisputed evidence established that Robby was in the temporary custody of appellee for more that twelve months out of a consecutive twenty-two month period. Thus, for the purpose of this matter, the trial court's finding under R.C.2151.414(B)(1)(a) is irrelevant.[3]
 {¶ 53} "`Permanent termination of parental rights has been described as "the family law equivalent of the death penalty in a criminal case." * * * Therefore, parents "must be afforded every procedural and substantive protection the law allows."'"[4]
 {¶ 54} I have previously expressed my concern with the constitutionality of R.C. 2151.414(B)(1)(d).[5] This statute fails to require the trial court to find that the parents are unfit or unsuitable. I note that I am not the only judge in this state who has concerns about the "presumption" of unfitness.[6]
 {¶ 55} The facts of this case again demonstrate why this statute is inherently unfair. Robby was taken from his mother's custody due to the inappropriate actions of his brother, Kyle. After Robby was taken from Ruth's custody, Ruth cooperated with appellee. She attended parenting classes, visited Robby on a weekly basis, attended counseling sessions, found appropriate housing, and attempted to find employment. However, while she was doing these things, the "statute of limitations" was running.
 {¶ 56} The most troubling aspect of this case is that the motion for permanent custody was filed on May 23, 2003, exactly one year, to the day, after Robby was placed in the temporary custody of appellee! By filing the motion on this date, Ruth's compliance with the case plan became meaningless. The actions of appellee in this matter demonstrate the very problem I was concerned with in the Stillman dissent, "[w]hy would an agency file a motion for permanent custody early, when it could wait to file until after 12 months have passed, and go right to the best interest phase?"[7]
 {¶ 57} Essentially, case plans in Ohio have become meaningless. All the agency has to do is stretch the process out for twelve months. Thereafter, a parent could be in absolutely strict compliance with every aspect of their case plan, to no avail. I am deeply concerned with the potential for abuse this system entices. The idea of case plans becoming stalling tactics, rather than sincere efforts to reunite parents with their children, is not constitutional. The parties' guarantee of due process has been violated. The question remains — besides being poor, what did Ruth do wrong in the twelve months the agency was theoretically attempting to reunite her with her child?
[2] See, e.g., In re Damron, 10th Dist. No. 03AP-419, 2003-Ohio-5810, at ¶ 9.
[3] See In re Joshua B., 6th Dist. Nos. S-02-018, S-02-019, S-02-020, and S-02-021, 2003-Ohio-3096, at ¶ 66.
[4] In re Hoffman, 97 Ohio St.3d 92, 2002-Ohio-5368, at ¶ 14, quoting In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting Inre Smith (1991), 77 Ohio App.3d 1.
[5] In re Stillman, 155 Ohio App.3d 333, 2003-Ohio-6228
(O'Neill, J., dissenting).
[6] See In re V.Y., 9th Dist. No. 03CA008404, 2004-Ohio-1606, at ¶ 38 (Carr, P.J., concurring in judgment only).
[7] In re Stillman, 2003-Ohio-6228, at ¶ 80 (O'Neill, J., dissenting).